**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| CAPITOL SPECIALTY INSURANCE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>DANNY LEE'S PLACE, LLC A.K.A. DL'S SPORTS BAR AND RESTAURANT AND MICHAEL HUNTER PLUSNICK,<br><br>Defendants. | Case No.: |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW, Capitol Specialty Insurance Corporation ("CSIC"), by and through its undersigned counsel, and hereby files this, its Complaint for Declaratory Judgment, respectfully showing this Court the following:

**INTRODUCTION**

1. CSIC files this complaint for declaratory judgment seeking a declaration regarding CSIC's rights and obligations under a commercial general liability and liquor liability insurance policy in connection with an underlying lawsuit filed against Danny Lee's Place, LLC a.k.a. DL's Sports Bar and Restaurant ("DL's Sports Bar").

2. The underlying lawsuit captioned *Plusnick v. Danny Lee's Place, LLC a.k.a. DL's Sports Bar and Restaurant, and James Currie Locklear*, Case No. 2025CP2602306 was brought by Michael Hunter Plusnick ("Mr. Plusnick") against DL's Sports Bar in the Court of Common Pleas of Horry County, South Carolina (the "Underlying Lawsuit"). The Underlying Lawsuit asserts causes of action and seeks damages for injuries Mr. Plusnick allegedly sustained during an automobile accident while riding as a passenger in a vehicle driven by James Currie Locklear

("Mr. Locklear") (the "Incident"). The Underlying Lawsuit alleges that DL's Sports Bar knew or should have known that Mr. Locklear was intoxicated yet continued to serve him prior to the Incident. A true and correct copy of the complaint filed in the Underlying Lawsuit is attached hereto as Exhibit 1.

3. The Underlying Lawsuit was filed against DL's Sports Bar on March 19, 2025. A certificate of service filed in the Underlying Lawsuit represents that the complaint was served on DL's Sports Bar on or about March 22, 2025.

4. CSIC, however, first received notice of the Underlying Lawsuit on July 23, 2026 via an email from Mr. Plusnick's counsel advising of the default judgment entered against DL's Sports Bar. To date, DL's Sports Bar has never provided notice of the Incident, the Underlying Lawsuit, or the default judgment.

5. This belated notice of the Incident and Underlying Lawsuit (and ongoing failure of DL's Sports Bar to provide such notice) materially breached the conditions of the policy requiring DL's Sports Bar to provide written notice to CSIC of the Incident "as soon as practicable" and to "immediately" send CSIC copies of the Underlying Lawsuit. In addition to failing to report the Underlying Lawsuit to CSIC timely and properly, DL's Sports Bar failed to respond to the Underlying Lawsuit, and a default judgment was entered against DL's Sports Bar on or about May 7, 2026.

6. DL's Sports Bar's failure to provide notice of the Underlying Lawsuit to CSIC has substantially prejudiced CSIC such that CSIC has no duty to defend or indemnify DL's Sports Bar with respect to this matter.

7. Mr. Plusnick tendered the default judgment to CSIC on July 23, 2026 and demanded CSIC pay the entirety of the default judgment within thirty (30) days (subsequently

extended until September 4, 2026).

8. After conducting an investigation into this matter and specifically as to whether notice of the Underlying Lawsuit had been previously provided to CSIC, CSIC denied Mr. Plusnick's demand on September 4, 2026 and now seeks a declaration from this Court affirming that CSIC has no duty to defend or indemnify DL's Sports Bar against the Underlying Lawsuit.

**THE PARTIES**

9. CSIC is an insurance company incorporated in the State of Wisconsin and maintains its principal place of business at 1600 Aspen Commons, Suite 300, Middleton, Wisconsin 53562. CSIC has over $75,000 at stake in connection with the amount insured under the insurance policy at issue.

10. DL's Sports Bar is a limited liability company organized under the laws of State of South Carolina and maintains its principal place of business in South Carolina. Upon information and belief, no member of DL's Sports Bar is a citizen of the State of Wisconsin. DL's Sports Bar can be served with process through its registered agent located at the following address: Oliver Owens, 4501 Socastee Blv. D., Suite 104, Myrtle Beach, SC 29588.

11. Mr. Plusnick is a citizen and resident of Horry County, South Carolina. Mr. Plusnick can be served with process via his counsel in the Underlying Lawsuit, Mark Justin Josephs, Josephs Injury Lawyers, at 4206 River Oaks Drive, Unit 3, Myrtle Beach, SC 29579.

**JURISDICTION & VENUE**

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because, upon information and belief, there is complete diversity of citizenship between CSIC and DL's Sports Bar and Mr. Plusnick and because the amount in controversy exceeds $75,000.

13. This Court has personal jurisdiction over DL's Sports Bar because, upon information and belief, DL's Sports Bar is a citizen of South Carolina. This Court has personal jurisdiction over Mr. Plusnick because he is a citizen of South Carolina.

14. Venue in this District and Division is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the Underlying Lawsuit and this Complaint occurred within Horry County, South Carolina, which is located within this District and Division.

15. By filing this Complaint in this Court, CSIC avails itself of this Court's jurisdiction and venue.

16. An actual case or controversy of a justiciable nature exists between CSIC and DL's Sports Bar and Mr. Plusnick regarding the extent to which coverage exists under the insurance policy issued by CSIC under which DL's Sports Bar is an insured for the Underlying Lawsuit filed by Mr. Plusnick against DL's Sports Bar. CSIC is, therefore, entitled to bring this declaratory judgment action in this Court pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

## BACKGROUND FACTS

### A. The Policy

17. CSIC issued Restaurant or Tavern Policy No. CS21004991-01 to DL's Sports Bar & Restaurant for the policy period of July 9, 2021 to July 9, 2022 (the "Policy"). The Policy provides Commercial General Liability coverage on an occurrence basis with a limit of liability of $1,000,000 for each occurrence and $2,000,000 in the aggregate. The Policy also provides Liquor Liability coverage with a limit of liability of $1,000,000 for each common cause and $1,000,000 in the aggregate. A true and correct copy of the Policy is attached hereto as Exhibit 2.

18. In relevant part, the conditions section of the Policy's Commercial General

Liability Coverage Form provides as follows:

**Section IV – Commercial General Liability Conditions**

…

**2. Duties in the Event of Occurrence, Offense, Claim or Suit**

a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

1. How, when and where the "occurrence" or offense took place;

2. The names and addresses of any injured persons and witnesses; and

3. The nature and location of any injury or damage arising out of the "occurrence" or offense.

b. If a claim is made or a "suit" is brought against any insured, you must:

1. Immediately record the specifics of the claim or "suit" and the date received; and

2. Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c. You and any other insured must:

1. Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

2. Authorize us to obtain records and other information;

3. Cooperate with us in the investigation or settlement of the claim or defense against the "suit" and;

4. Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of any injury or damage to which this insurance may also apply.

19. In relevant part, the conditions section of the Policy's Liquor Liability Coverage Form provides as follows:

**Section IV – Liquor Liability Conditions**

…

**2. Duties in the Event of Injury, Claim or Suit**

d. You must see to it that we are notified as soon as practicable of an "injury" which may result in a claim. To the extent possible, notice should include:

1. How, when and where the "injury" took place;

2. The names and addresses of any injured persons and witnesses; and

3. The nature and location of any "injury".

e. If a claim is made or a "suit" is brought against any insured, you must:

1. Immediately record the specifics of the claim or "suit" and the date received; and
2. Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

f. You and any other insured must:

1. Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
2. Authorize us to obtain records and other information;
3. Cooperate with us in the investigation or settlement of the claim or defense against the "suit" and;
4. Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of any "injury" to which this insurance may also apply.

20. The Policy covers only compensatory damages and expressly does not cover punitive damages under either the Commercial General Liability or Liquor Liability Coverage Forms. (*See* Exhibit 2 at CGL 004 (01-13) and CLQ 004 (03-13)).

21. The Policy's Commercial General Liability Coverage Form also excludes coverage for liquor liability:

**Section I – Coverages**

**Coverage A – Bodily Injury and Property Damage Liability**

…

**2. Exclusions**

…

**c. Liquor Liability**

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

**(1)** Causing or contributing to the intoxication of any person;

**(2)** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

> **(3)** Any statute or ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in:
>
> **(a)** The supervision, hiring, employment, training or monitoring of others by that insured; or
>
> **(b)** Providing or failing to provide transportation with respect to any person that may be under the influence of alcohol;
>
> if the "occurrence" which caused the "bodily injury" or "property damage", involved that which is described in Paragraph **(1)**, **(2)** or **(3)** above.
>
> However, this exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages. For the purposes of this exclusion, permitting a person to bring alcoholic beverages on your premises, for consumption on your premises, whether or not a fee is charged or a license is required for such activity, is not by itself considered the business of selling, serving or furnishing alcoholic beverages.

(*See* Exhibit 2 at Section I, Coverage A, Paragraph 2.(c)).

**B. The Underlying Lawsuit**

22. Mr. Plusnick filed the Underlying Lawsuit on March 19, 2025 and served the Underlying Lawsuit on DL's Sports Bar on or about March 22, 2025.

23. The Underlying Lawsuit alleged that on or about June 2, 2022, DL's Sports Bar served Mr. Locklear multiple alcoholic beverages between 1:30 a.m. and 2:30 a.m., resulting in Mr. Locklear's visible intoxication. (*See* Exhibit 1 at ¶ 6).

24. The Underlying Lawsuit asserted that DL's Sports Bar knew or should have known that Mr. Locklear was intoxicated and presented an unreasonable danger to the public due to his visible intoxication, yet it continued to serve Mr. Locklear additional alcoholic beverages. (*Id.* at ¶ 7).

25. The Underlying Lawsuit alleged that after leaving DL's Sports Bar on June 2, 2022, Mr. Locklear drove his vehicle with Mr. Plusnick as a passenger. At or around 3:15 a.m., Mr. Locklear allegedly caused the vehicle to run off the road and strike a tree head-on, resulting in

injuries to Mr. Plusnick. (*Id.* at ¶ 8).

26. The Underlying Lawsuit asserted one count for "statutory liquor license liability" and alleged that DL's Sports Bar breached its duty to comply with South Carolina's liquor liability statutes by serving a visibly intoxicated Mr. Locklear, which directly and proximately caused the Incident that injured Mr. Plusnick. The Underlying Lawsuit also asserted counts for dram shop negligence, negligent hiring and retention, vehicular negligence, negligence per se, and punitive damages.

27. In the Underlying Lawsuit, Mr. Plusnick sought actual damages, punitive damages, costs, and interest.

28. DL's Sports Bar did not respond to the Underlying Lawsuit, and a default judgment in the total amount of $800,228.82 was entered against DL's Sports Bar on or about May 7, 2026. The default judgment consists of the following amounts: $400,000 actual damages, $400,000 punitive damages, and $228.82 of taxable costs.

**C. DL's Sports Bar's Failure to Provide Notice of the Underlying Lawsuit**

29. On or about July 23, 2026, Mr. Plusnick provided CSIC with the first notice of the Incident, the Underlying Lawsuit, and the default judgment.

30. To date, DL's Sports Bar has never provided CSIC with notice of the Incident, the Underlying Lawsuit, nor the default judgment.

31. Since the July 23, 2026 notice by Mr. Plusnick, CSIC has attempted to contact DL's Sports Bar multiple times. However, DL's Sports Bar has failed to respond.

32. Because CSIC has suffered substantial prejudice in this matter due to not receiving notice of the Underlying Lawsuit until after a default judgment had been entered against DL's Sports Bar, thus depriving CSIC of the ability to consider, evaluate, and defend against the factual

allegations of the Underlying Lawsuit, CSIC denied coverage for this matter on September 4, 2026. A true and correct copy of CSIC's denial letter is attached hereto as Exhibit 3.

**D. The Policy Does Not Provide Coverage for Punitive Damages**

33. Even if CSIC owed any coverage obligations in connection with the Incident, the Underlying Lawsuit, or the default judgment, which it does not, the Policy wholly excludes coverage for punitive damages. CSIC's September 4, 2026 denial of coverage is also based, in part, on the Policy's exclusions of punitive damages. (*Id.*)

**COUNT ONE - DECLARATORY JUDGMENT**

**There Is No Coverage Under the Policy Due to DL's Sports Bar's Failure to Provide Notice of the Underlying Lawsuit Before the Default Judgment**

34. CSIC re-alleges each and every allegation contained in Paragraphs 1–33 as though fully set forth herein.

35. Sections IV.2.b of both the Policy's Commercial General Liability Coverage Form and Liquor Liability Coverage Form provide that in the event a "suit" is brought against an insured, the insured "must … see to it that we receive written notice of the claim or 'suit' as soon as practicable."

36. Additionally, Sections IV.2.c.(1) of both the Policy's Commercial General Liability Coverage Form and Liquor Liability Coverage Form provide that an insured "must . . . [i]mmediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or 'suit.'"

37. The Underlying Lawsuit unambiguously constitutes a "suit," which, in relevant part, means "a civil proceeding in which damages because of 'bodily injury' [or 'injury'] . . . to which this insurance applies are alleged." (*See* Exhibit 2, Policy, Commercial General Liability Coverage Form, Section V.18; *see also id.*, Liquor Liability Coverage Form, Section V.8).

38. CSIC's first notice came on July 23, 2026, when Mr. Plusnick first provided CSIC of notice of the Incident, the Underlying Lawsuit, and the default judgment.

39. Because DL's Sports Bar failed to provide written notice to CSIC of the Incident, Underlying Lawsuit and default judgment as soon as practicable and failed to immediately send CSIC copies of the Underlying Lawsuit and default judgment, CSIC was unable to consider, evaluate, and defend against the underlying allegations.

40. In addition to failing to report the Underlying Lawsuit to CSIC timely and properly, DL's Sports Bar failed to respond to the Underlying Lawsuit, which resulted in a default judgment being entered against DL's Sports Bar on or about May 7, 2026.

41. DL's Sports Bar's failure to comply with its obligations under the Policy has resulted in substantial prejudice to CSIC because, due to the entry of a default judgment against DL's Sports Bar, DL's Sports Bar is now unable to contest its liability to Mr. Plusnick with respect to the Underlying Lawsuit as a matter of law.

42. Accordingly, CSIC has no obligation to defend or indemnify DL's Sports Bar with respect to the Underlying Lawsuit.

43. CSIC therefore respectfully requests that the Court enter a judgment declaring that due to DL's Sports Bar's failure to provide notice of the Underlying Lawsuit to CSIC pursuant to the terms, conditions, and other provisions of the Policy, CSIC owes no duty to provide or pay for a defense for DL's Sports Bar or to indemnify DL's Sports Bar in connection with the Underlying Lawsuit.

**<u>COUNT TWO - DECLARATORY JUDGMENT</u>**

**There Is No Coverage Under the Policy's Commercial General Liability Coverage Form for Liquor Liability**

44. CSIC re-alleges each and every allegation contained in Paragraphs 1–43 as though fully set forth herein.

45. The Policy's Commercial General Liability Coverage Form excludes coverage for liquor liability, including for "bodily injury" by reason of causing or contributing to the intoxication of any person and the furnishing of alcoholic beverages to a person under the influence of alcohol.

46. The Underlying Lawsuit alleged that DL's Sports Bar was liable, and DL's Sports Bar was held liable, for "bodily injury" by reason of causing or contributing to Mr. Locklear's intoxication and furnishing alcoholic beverages to Mr. Locklear while he was under the influence of alcohol.

47. Because the Policy's Commercial General Liability Form excludes coverage for liquor liability, for this additional reason, CSIC has no obligation under the Commercial General Liability Form to indemnify the default judgment.

48. CSIC therefore respectfully requests that the Court enter a judgment declaring that due to the Commercial General Liability Coverage Form Policy's exclusion of coverage for liquor liability, CSIC has no obligation to indemnify the default judgment under the Commercial General Liability Coverage Form.

**<u>COUNT THREE - DECLARATORY JUDGMENT</u>**

**There Is No Coverage Under the Policy for Punitive Damages**

49. CSIC re-alleges each and every allegation contained in Paragraphs 1–48 as though fully set forth herein.

50. The Policy excludes coverage for punitive damages.

51. The default judgment entered against DL's Sports Bar included an award of $400,000 of punitive damages.

52. Because the Policy excludes coverage for punitive damages, for this additional reason, CSIC has no obligation to indemnify the $400,000 punitive damages award.

53. CSIC therefore respectfully requests that the Court enter a judgment declaring that due to the Policy's exclusion of coverage for punitive damages, CSIC has no obligation to indemnify the $400,000 punitive damages award.

## PRAYER FOR RELIEF

WHEREFORE, CSIC prays for judgment:

a. That the Court declare that no coverage is afforded, no indemnity payments are due, and no duty to provide or pay for a defense for the Underlying Lawsuit under the Policy has arisen due to DL's Sports Bar's failure to provide notice of the Underlying Lawsuit pursuant to the terms, conditions, and other provisions of the Policy;

b. That the Court declare that no coverage is afforded and no indemnity payments are due for the amount of punitive damages included in the default judgment entered against DL's Sports Bar pursuant to the Policy's exclusions for punitive damages;

c. That the Court award CSIC its expenses and costs incurred in this action; and

d. That the Court award CSIC such other and further relief as it deems just and proper.

Respectfully submitted, this 4th day of September, 2026.

*_/s/Morgan S. Templeton_*
Morgan S. Templeton (Fed ID # 7187)
morgan.templeton@walltempleton.com
WALL TEMPLETON & HALDRUP, P.A.
145 King Street, Suite 300
Charleston, South Carolina 29402
Phone: 843-329-9500
Fax: 843-329-9501

*Counsel for Plaintiff Capitol Specialty Insurance Corporation*